IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01824-WDM-MEH

PRESTIGE REAL ESTATE GROUP, LLC, a Colorado limited liability company,

Plaintiff,

v.

VIRTUAL PROPERTIES, INC., a Wisconsin corporation,

Defendant.

---

**STIPULATED PROTECTIVE ORDER REGARDING
TRADE SECRETS AND CONFIDENTIAL INFORMATION**

---

This matter comes before the Court on the Parties' Joint Motion for Stipulated Protective Order Regarding Trade Secrets and Confidential Information, and being fully advised in the premises, finds the same is well-taken and granted. Consequently, based on the stipulation of Virtual Properties and Prestige, it is hereby ORDERED as follows:

   **I.   Definitions and Scope.**

   1.     (a) This order shall apply to all documents or information produced by Prestige Real Estate Group, LLC ("Prestige") and/or Virtual Properties, Inc. ("Virtual Properties") (collectively, the "Parties") designated as "CONFIDENTIAL" in the Lawsuit, namely documents and information including trade secrets, proprietary information and/or identification of specific customers or prospects of the Parties, as well as Prestige's broker associates.  It shall also apply to: (1) all information, copies, extracts and complete or partial summaries containing or revealing such CONFIDENTIAL material; (2) portions of deposition transcripts and exhibits thereto containing or revealing any such CONFIDENTIAL material; and (3) portions of briefs, memoranda, declarations, or any other writing filed with this Court and exhibits thereto that

1

contain or reveal any such CONFIDENTIAL material.  CONFIDENTIAL material shall be designated as such by the producing party either by stamping or otherwise marking each page "Confidential," or by producing all confidential documents on a CD-ROM or other computer-readable medium which is clearly marked "Confidential," separate from production of non-confidential documents.

(b)      "CONFIDENTIAL," when used in this Order, shall refer to information or material used by a party in its business, which the party would normally not reveal to a third party without assurances that the third party would maintain it in confidence, namely documents and information including trade secrets, proprietary information and/or identification of specific customers or prospects of the Parties, as well as Prestige's broker associates.  Confidential information or material shall not include information or material that: (1) is available from sources under no obligation to keep it confidential and was not acquired, directly or indirectly, from Virtual Properties and/or Prestige; or (2) is already in the receiving party's possession and was not acquired, directly or indirectly, from Virtual Properties and/or Prestige.

(c)      "Documents," when used in this Order shall mean all written, recorded or graphic matter whatsoever, including, but not limited to, materials produced or in the Lawsuit, by subpoena or by agreement, deposition transcripts and exhibits, interrogatory answers, responses to requests for admission, and any portion of any court papers that quote from any of the foregoing.

(d)      "Parties" or "Disclosing parties" shall mean the parties to the Lawsuit, which include Virtual Properties and Prestige, as well as third parties who give testimony or produce documents or other information covered by this Order, including those parties' officers, directors, employees, and agents.

**II.  Protection of Confidential Information.**

2.      "CONFIDENTIAL" material marked and disclosed by Virtual Properties or Prestige shall be used by Prestige or Virtual Properties (i.e., "the recipient") solely for the purpose of conducting the Lawsuit, but not for any other purpose whatsoever.  In addition, any documents produced, whether or not designated as "CONFIDENTIAL" shall not be used by the recipient for any purpose other than the Lawsuit.

3.      In the absence of written permission from the disclosing party, or by order of this Court, or any reviewing, enforcing, or appellate court, information designated as "CONFIDENTIAL" shall be used by the recipient solely for the purposes of litigation between the Parties, and may be disclosed only to the following persons:

a.      The attorneys working on behalf of Prestige or Virtual Properties in the Lawsuit, including partners, of counsel attorneys, associates, paralegals, legal assistants, law clerks, and private investigators.

b.      Any person not employed by a party who is expressly retained or sought to be retained by any attorney described in paragraph 3(a) to assist as an expert or consultant in the Lawsuit, with disclosure only to the extent necessary to perform such work;

c.      Persons, who are employees, officers, directors, or contractors of a party, and who are required by such party to work directly on the Lawsuit, with disclosure only to the extent necessary to perform such work;

d.      Any deponent, person who has been called to testify, or trial witness, except that such person may only be shown copies of "CONFIDENTIAL" material, in preparation for and during his/her testimony, that appears to be directly relevant to the testimony, he, she, or it is to give, and may not retain any "CONFIDENTIAL" material; and

e.      This Court, or any reviewing, enforcing, or appellate court, the United States Trustee, and any jury, court personnel, court reporters, and similar personnel of any of the courts

mentioned in this subparagraph.

6.      The persons described in paragraphs 3(b) and (d) shall have access to the "CONFIDENTIAL" materials only after they have been made aware of the provisions of this Order and have manifested their assent to be bound thereby by signing a copy of the annexed "ACKNOWLEDGMENT AND AGREEMENT."

7.      Each party shall provide to all other parties hereto signed copies of each ACKNOWLEDGMENT AND AGREEMENT within seven (7) business days after they are signed.  Non-parties who produce or have access to "CONFIDENTIAL" material shall likewise provide copies to all parties of each signed ACKNOWLEDGMENT AND AGREEMENT within seven (7) business days after it is signed.

8.      The parties hereto, their agents and employees who receive "CONFIDENTIAL" material agree to be subject to the jurisdiction of this Court for purposes of any proceeding relating to the performance under, compliance with, or violation of, this Order.

9.      The recipient of any "CONFIDENTIAL" material that is provided under this Order shall maintain such information in a location reasonably safe and secure for a business office and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to its own, or its clients', confidential information.  CONFIDENTIAL material shall not be copied, reproduced, summarized or abstracted, except to the extent that such copying, reproduction, summarization or abstraction is reasonably necessary in the conduct of the Lawsuit.  All such copies, reproductions, summarizations, extractions, and abstractions shall be subject to the terms of this Order, and labeled in the same manner as the designated material on which they are based.

10.      The Clerk of the Court is directed to maintain under seal all documents and all transcripts of deposition testimony filed with this Court in the Lawsuit by any party which are, in

whole or in part, designated as "CONFIDENTIAL" including all pleadings, deposition transcripts, exhibits, discovery responses or memoranda purporting to reproduce or paraphrase such information.  The person filing such material shall designate to the Clerk that all or a designated portion thereof is subject to this Order and is to be kept under seal.  A complete, unredacted set of documents filed under seal shall be provided by the filing party to opposing counsel.

11.     In the event that any "CONFIDENTIAL" material is used in any court proceeding in connection with the Lawsuit, it shall not lose its "CONFIDENTIAL" status through such use, and the parties shall take all steps reasonably required to protect its confidentiality during such use.

12.     If "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIAL" is disclosed to any person other than in the manner authorized by this Order, the person responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of counsel for the designating party and, without prejudice to any other rights and remedies of the parties, make every effort to prevent further disclosure by it or by the person who was the recipient of such information.

13.     Nothing in this Order shall preclude any party hereto or their attorneys (a) from showing a document designated as "CONFIDENTIAL" to an individual who either prepared the document or is identified on the face of the document as an addressee or copy addressee, or (b) from disclosing or using, in any manner or for any purpose, any information or documents from the party's own files which the party itself has designated as "CONFIDENTIAL."

14.     In the event any recipient having possession, custody or control of any "CONFIDENTIAL" receives a subpoena or other process or order to produce such information in another, unrelated legal proceeding, such receiving party shall notify counsel for the producing party or third party of the subpoena or other process or order, and furnish counsel for

the producing party or third party with a copy of said subpoena or other process or order, and fully cooperate with respect to all reasonable procedures sought to be pursued by the producing party or third party whose interests may he affected.  The producing party or third party asserting the "CONFIDENTIAL" treatment shall have the burden of defending against such subpoena, process or order.  The receiving party receiving the subpoena or other process or order shall be entitled to comply with it except to the extent the producing party or third party asserting the "CONFIDENTIAL" treatment is successful in obtaining an order modifying or quashing the subpoena or other process or order.

15.     Within sixty (60) days of a final order closing or dismissing the Lawsuit, and any appeals, proceedings, or matters related to the Bankruptcy Proceedings, all **"CONFIDENTIAL"** material and all copies thereof shall be returned by he recipient or shall be destroyed.  Counsel for each party shall he entitled to retain all pleadings**,** motion papers, legal memoranda, correspondence and work product.

16.     Except as specifically provided herein, the terms, conditions, and limitations of this Order shall survive the closing or dismissal of the Lawsuit, and any appeals or Lawsuit related thereto.

17.     This Order is without prejudice to the right of any party to seek relief from the Court, upon cause shown, from any of the provisions contained in paragraph 1 through 15.

18.     This Order shall not be construed as waiving any right to assert a claim of privilege, relevance, overbreadth, burdensomeness or other grounds for not producing material called for, and access to such material shall be only as otherwise provided by the discovery rules and other applicable law.

Dated at Denver, Colorado this 10th day of March, 2006.

BY THE COURT:


s/ Michael E. Hegarty
Michael E. Hegary
United States Magistrate Judge